Battle, J.
 

 We think that the Court below erred in dismissing the plaintiff’s suit. The 40tli section of the
 
 *469
 
 31st chapter of the Revised Statutes enacts, that no suit shall be originally commenced in the County or Superior Court “for any sum of less value than one hundred dollars due by bond, promissory note, or liquidated account signed by the party to be charged thereby,” and the next succeeding section, to wit, the 41st, makes it the duty of the Court, if any suit shall commence therein “ for any sum of less value than one hundred dollars due by bond, promissory note,” &c. to dismiss it. In the Court below the
 
 value
 
 of a promissory note seemed to be considered the same as the principal sum due on it, without regard to the interest, and in that consisted the error. By the
 
 value
 
 of a note is meant what it is worth, and that must be both its principal and interest; otherwise all notes for the payment of the same amount of principal money, whether much, little or no interest is due upon them, will be of precisely the same value. This is certainly not so in fact, and it is not understood to be so in common parlance. This suit, then, having been commenced in the County Court upon a prommissory note of greater value than one hundred dollars, that Court had jurisdiction of it and ought not to have dismissed it, by reason of any thing contained in the 41st section of the Act referred to. But perhaps it may be contended the 6th Section of the 62nd Chapter of the Revised Statutes “concerning the power and jurisdiction of Justices of the Peace,” has taken away the original jurisdiction of the Courts over cases of this kind. That section gives to a single justice, out of Court, the power to take cognizance of, and determine, any suit commenced by warrant upon a promissory note, the principal sum due on which is less than one hundred dollars, though that, together with the interest, may be more than one hundred dollars ; but the section does not expressly, nor by any necessary implication, take away the jurisdiction of the courts, and consequently it remains and becomes concurrent. These pinciples are fully sustained by the cases of
 
 Griffin
 
 v.
 
 Inge,
 
 3 Dev. Rep.
 
 *470
 
 358,
 
 McCarter
 
 v.
 
 Quinn,
 
 4 Ired. Rep. 43, and
 
 Clark
 
 v.
 
 Cameron,
 
 Ibid 161. The judgment of the Superior Court must be reversed, and the cause must be remanded for further proceeding therein according to law.
 

 Per Curiam. Ordered accordingly.